UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MELISSA MEDRANO and JOSE MEDRANO,

                      Plaintiffs,         COMPLAINT
                                              07 CV 7026 (JGK)(MHD)

       - against -

THE CITY OF NEW YORK, JOHN DOE 1-10,
the names being fictitious and presently
unknown, being employees of the New York
City Police Department,

                                               Jury Trial Demanded
                   Defendants.

-----------------------------------------------------------x

       Melissa Medrano and Jose Medrano, by their attorney, Matthew Flamm, allege the following as their Complaint:

Nature of the Action

       1.     This civil rights action arises from defendants' unlawful use of force and arrest of Melissa Medrano and Jose Medrano on October 31, 2006 while the brother and sister were leaving their home. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §2201 and, under 42 U.S.C. §1983, compensatory and punitive damages for violation of their civil rights.

Jurisdiction and Venue

       2.     This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is founded upon 28 USC §§1331, 1343 and 1367 and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

       3.     Under 28 U.S.C. §1391(b), venue is proper in the Southern District of New York because the events forming the basis of the Complaint occurred in that District.

Notices of Claim

4. On or about November 29, 2006, and within ninety days after the claims arose, plaintiffs caused Notices of Claim to be served upon defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

5. The Notices of Claim were in writing and were sworn to by the plaintiffs.

6. The Notices of Claim contained the names and post office address of the plaintiffs, the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

7. Defendant City of New York has failed to adjust the claim within the statutory time period.

8. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

Parties

9. Plaintiff MELISSA MEDRANO is a citizen of the United States of America residing in the City and State of New York, County of Bronx. Plaintiff Jose Medrano is her brother. At the time of the incidents complained of herein, she was twenty-one years of age and had never before been arrested or assaulted.

10. Plaintiff JOSE MEDRANO is a citizen of the United States of America residing in the City and State of New York, County of Bronx. Plaintiff Melissa Medrano is his sister. At the time of the incidents complained of herein, he was seventeen years of age and a sophomore at John F. Kennedy High School in the Bronx. He had never before been arrested or assaulted.

11. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has

established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

12. Defendant "John Doe 1" was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned, upon information and belief, as a detective in the 52nd Police Precinct in the Bronx, New York.

13. Defendants "John Doe 2-10" (together with "John Doe 1" referred to as the "individual defendants") were at all times relevant duly appointed and acting employees of the New York City Police Department assigned to the 52nd Police Precinct in the Bronx, New York.

14. At all times relevant, the individual defendants were acting under color of state law.

15. The individual defendants involved in this incident underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

Facts Underlying
Plaintiffs' Claims for Relief

16. On October 31, 2006 at around 7:30 p.m. in front of their home at 3593 Bainbridge Avenue in the Bronx, Jose Medrano and Melissa Medrano were assaulted by members of the New York City Police Department and arrested without probable cause or warrant.

17. The brother and sister were with a neighbor, Marcus Perez, and were leaving their home in Apartment 6D. A large group of Police were gathered by the building entrance as the plaintiff's left their apartment building.

18. After walking for only a few seconds, Jose Medrano was ordered against the wall. He complied with the order and was, among other things, handcuffed.

19. Ms. Medrano had walked ahead and turned around to see her brother being roughly-handled by the Police. Without raising her voice or acting to interfere, she asked one of the officers why her brother was being handcuffed.

20. She was told to shut up, pushed and then was pushed to the ground. Two officers stood her up and thrust her to a wall, chipping her left front tooth.

21. Meanwhile, John Doe 1 took Jose Medrano and swung him to the ground and then repeatedly struck plaintiff's head against the ground.

22. The plaintiffs were transported to the 52nd Precinct Stationhouse. Jose Medrano was then taken for medical treatment at North Central Bronx Hospital before being returned to the Stationhouse.

23. The plaintiffs were then transported to Bronx Central Booking where they remained until they were released without seeing a judge after the District Attorney reviewed the individual defendants' false allegations and declined to prosecute the plaintiffs.

24. Defendants arrested the plaintiffs and sought to have them criminally prosecuted even though the Medranos had committed no crimes and despite that defendants had no reasonable basis to believe that plaintiffs had committed any crimes.

25. Melissa Medrano sustained a chipped left front tooth and scratches to her left ear and jaw. She suffered bilateral wrist and hand pain with numbness and weakness. She suffered the emotional upset, trauma, shock, fright and humiliation of being unlawfully arrested and jailed and subjected to unjustified assault at the hands of the defendants, in addition to other injuries.

26. Jose Medrano, in addition to other injuries, suffered bruising, swelling, scrapes and cuts to his left forehead and eye. Four stitches were



needed to close the wound to his temple, and the sutures were removed on November 6, 2006. He was found to have a minimally displaced fracture of the nasal bone resulting in a slight palpable deviation of the nasal bridge. He suffered the emotional upset, trauma, shock, fright and humiliation of being assaulted, unlawfully arrested, and jailed, in addition to other injuries.

27. At all times relevant herein, the individual defendants acted intentionally, willfully, maliciously, with reckless disregard for and deliberate indifference to plaintiffs' rights.

FIRST CLAIM FOR RELIEF FOR<br>
VIOLATING PLAINTIFFS' RIGHT TO BE FREE<br>
FROM UNREASONABLE FORCE UNDER THE FOURTH AND<br>
<u>FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION</u>

28. Plaintiffs repeat the allegations of paragraphs 1-27 above as though fully stated herein.

29. By the actions described above, the individual defendants, and each of them, deprived the plaintiffs of rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to, the right to be free from excessive and unreasonable force.

30. As a consequence thereof, Melissa Medrano and Jose Medrano have been injured.

## SECOND CLAIM FOR RELIEF FOR ASSAULT

31. Plaintiffs repeat the allegations of paragraphs 1-27 as though fully stated herein.

32. By the actions described above, plaintiffs were intentionally placed in apprehension of imminent harmful and offensive contact.

33. As a consequence thereof, Melissa Medrano and Jose Medrano have been injured.

## THIRD CLAIM FOR RELIEF FOR BATTERY

34. Plaintiffs repeat the allegations of paragraphs 1-27 as though fully stated herein.

35. By the actions described above, plaintiffs were intentionally touched in a harmful and offensive manner.

36. As a consequence thereof, Melissa Medrano and Jose Medrano have been injured.

## FOURTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFFS' RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

37. Plaintiffs repeat the allegations of paragraphs 1-27 as though fully stated herein.

38. By the actions described above, the individual defendants, and each of them, deprived plaintiffs of rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to, his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

39. As a consequence thereof, Melissa Medrano and Jose Medrano have been injured.

### FIFTH CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

40. Plaintiffs repeat the allegations of paragraphs 1-27 as though fully stated herein.

41. By reason of the foregoing, plaintiffs were intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiffs were aware of and did not consent to the confinement. Plaintiffs were thereby falsely arrested and imprisoned.

42. As a consequence thereof, Melissa Medrano and Jose Medrano have been injured.

### SIXTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFFS' CIVIL RIGHTS

43. Plaintiffs repeat the allegations of paragraphs 1-27 as though fully stated herein.

44. The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which the Medranos were subjected, despite having a reasonable opportunity to do so.

45. As a consequence thereof, Melissa Medrano and Jose Medrano have been injured.

### SEVENTH CLAIM FOR RELIEF FOR NEGLIGENCE

46. Plaintiffs repeat the allegations of paragraphs 1-27 as though fully stated herein.

47. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully stop, detain, search, assault, arrest, and make false statements in furtherance of prosecutions.

48. The defendant City of New York's failure properly to assign, train, supervise or discipline its Police, including the Police personnel involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional searches, detentions, arrests, uses of force, and prosecutions; and allowed the individual defendants to believe that they could with impunity stop, search, assault, arrest, and attempt to prosecute Melissa Medrano and Jose Medrano.

49. As a consequence thereof, Melissa Medrano and Jose Medrano have been injured.

### Request for Relief

WHEREFORE, plaintiffs respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:
   1. That plaintiff's right to be free from unreasonable searches and seizures under the United States Constitution was violated;
   2. That plaintiff's right to be free from unreasonable force under the United States Constitution was violated.

(B) Compensatory damages in an amount to be fixed at trial;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D) An award to plaintiffs of the costs and disbursements herein;

(E) An award of attorney's fees under 42 U.S.C. §1988; and

    (F)    Such other and further relief as this Court may deem just and proper.

Dated: August 7, 2007
       Brooklyn, New York

                                                                                  */s/ Matthew Flamm*
                                                        MATTHEW FLAMM **MF1309**
                                                         Attorney for Plaintiffs
                                                     26 Court Street, Suite 600
                                                     Brooklyn, New York 11242
                                                     (718) 797-3117