UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MELISSA MEDRANO and JOSE MEDRANO,

                                Plaintiffs,

                -against-

THE CITY OF NEW YORK, and JOHN DOE 1-10, the names being fictitious and presently unknown, being employees of the New York City Police Department,

                               Defendants.
------------------------------------------------------------------------x

**ANSWER**

07CV7026 (JGK)(MHD)

**JURY TRIAL DEMANDED**

**This document has been electronically filed.**

        Defendant The City of New York (the "City" or "defendant"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph 1 of the complaint, except admits that plaintiffs purport to bring this action as stated therein.

        2.     Denies the allegations set forth in paragraph 2 of the complaint, except admits that that plaintiff s purport to base jurisdiction as stated therein.

        3.     Denies the allegations set forth in paragraph 3 of the complaint, except admits that plaintiffs purport to base venue as stated therein.

        4.     Denies the allegations set forth in paragraph 4 of the complaint, except admits that a document purporting to be a Notice of Claim by a Melissa Medrano was received on November 29, 2006, and that a document purporting to be a Notice of Claim by a Jose Medrano was received on December 1, 2006.

5. Denies the allegations set forth in paragraph 5 of the complaint, except admits that the purported Notice of Claims were in writing and purport to have been sworn to by a Melissa Medrano and a Jose Medrano.

6. Denies the allegations set forth in paragraph 6 of the complaint, except admits that the purported Notice of Claims purport to contain the names and post office address of plaintiffs, the nature of the claims and the alleged damage and injuries claimed to have been sustained.

7. Denies the allegations set forth in paragraph 7 of the complaint, except admits that no monies have been paid to plaintiffs.

8. Denies the allegations set forth in paragraph 8 of the complaint, except admits that this action was commenced on the date indicated in the records of the clerk of the court.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint.

11. Denies the allegations set forth in paragraph 11 of the complaint, except admits that the City is a municipal corporation organized pursuant to the laws of the State of New York and that it maintains the New York City Police Department ("NYPD"), and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning its employment of police personnel involved in the alleged incident inasmuch as they relate to individuals that are not named or identified with specificity.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint inasmuch as it relates to an individual that is not named or identified.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint inasmuch as it relates to individuals that are not named or identified.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint inasmuch as it relates to individuals that are not named or identified.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint inasmuch as it relates to individuals that are not named or identified

16. Denies the allegations set forth in paragraph 16 of the complaint.

17. Denies the allegations set forth in paragraph 17 of the complaint.

18. Denies the allegations set forth in paragraph 18 of the complaint.

19. Denies the allegations set forth in paragraph 19 of the complaint.

20. Denies the allegations set forth in paragraph 20 of the complaint.

21. Denies the allegations set forth in paragraph 21 of the complaint.

22. Admit the allegations set forth in paragraph 22 of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the complaint, except admits that plaintiffs were transported to Bronx Central Booking.

24. Denies the allegations set forth in paragraph 24 of the complaint.

25. Denies the allegations set forth in paragraph 25 of the complaint.

26. Denies the allegations set forth in paragraph 26 of the complaint.

27. Denies the allegations set forth in paragraph 27 of the complaint.

28. In response to the allegations set forth in paragraph 28 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 27 inclusive of its answer, as if fully set forth herein.

29. Denies the allegations set forth in paragraph 29 of the complaint.

30. Denies the allegations set forth in paragraph 30 of the complaint.

31. In response to the allegations set forth in paragraph 31 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 30 inclusive of its answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph 32 of the complaint.

33. Denies the allegations set forth in paragraph 33 of the complaint.

34. In response to the allegations set forth in paragraph 34 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 33 inclusive of its answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph 35 of the complaint.

36. Denies the allegations set forth in paragraph 36 of the complaint.

37. In response to the allegations set forth in paragraph 37 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 36 inclusive of its answer, as if fully set forth herein.

38. Denies the allegations set forth in paragraph 38 of the complaint.

39. Denies the allegations set forth in paragraph 39 of the complaint.

40. In response to the allegations set forth in paragraph 40 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 44 inclusive of its answer, as if fully set forth herein.

41. Denies the allegations set forth in paragraph 41 of the complaint.

42. Denies the allegations set forth in paragraph 42 of the complaint.

43. In response to the allegations set forth in paragraph 43 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 42 inclusive of its answer, as if fully set forth herein.

44. Denies the allegations set forth in paragraph 44 of the complaint.

45. Denies the allegations set forth in paragraph 45 of the complaint.

46. In response to the allegations set forth in paragraph 46 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 45 inclusive of its answer, as if fully set forth herein.

47. Denies the allegations set forth in paragraph 47 of the complaint..

48. Denies the allegations set forth in paragraph 48 of the complaint.

49. Denies the allegations set forth in paragraph 49 of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

50. The complaint fails in whole or in part to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

51. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52. Any injury allegedly sustained by plaintiffs resulted from their own culpable or negligent conduct, or that of others, and was not the proximate result of any act of the City or its officers.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

53. Plaintiffs have failed to comply with § 50 *et seq*. of the Municipal Law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54. There was probable cause for plaintiffs' arrest, detention and prosecution.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

55. Punitive damages are not available against the City of New York.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

56. This action is barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

57. To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

58. This action is barred in whole or in part by the applicable limitations period.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York

November 13, 2007

        MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant City of New York
100 Church Street, Room 3-159
New York, New York 10007
(212) 788-8698

By: _____
    Steve Stavridis (SS 4005)

(By ECF)

TO:  Matthew Flamm, Esq.
     26 Court Street, Suite 600
     225 Broadway, Suite 1608
     Brooklyn, New York 11242
     (718) 797-3117
     matthewflamm@msn.com