


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/08

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVE STAVRIDIS**
*Special Federal Litigation Division*
(212) 788-8698
(212) 788-9776 (fax)

ENDORSED ORDER

*Defendants are granted until April 11, 2008 to produce all memo books, the prisoner movement slip and any responsive IAB files, and may submit for in camera review by April 8, 2008 whatever CCRB documents they wish. All other documents were required to be produced by April 4, 2008.*

*/s/ [signature]*
*4/7/08*

April 4, 2008

**By Fax: (212) 805-7928**
Hon. Michael H. Dolinger
United States Magistrate Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:   Medrano, et ano v. The City of New York, et al., 07 CV 7026 (JGK)

Your Honor:

I am the Assistant Corporation Counsel representing defendant The City of New York (the "City") in the referenced civil rights action.[1] I am writing to request an extension of the City's time to produce certain documents that it was ordered to produce by April 4, 2008 at a discovery hearing held before Your Honor on March 26, 2008. I have contacted my adversary about this request and he does not consent to the extension.

The documents the City has been unable to produce are as follows:

1)   The memobook entries of the non-defendant police officers who were determined to have been at the arrest site. The reason for the delay in producing these documents has to do with the fact that these records are stored by the individual police officers, necessitating that we rely on them for production. We have sent notices to these officers demanding expedited production of their records. The City has produced the memobook entries of two of the three named defendants (PO Doyle and Sgt. Torres). As for the third defendant, former police officer Michael Krantz, he has advised counsel

---

[1] Plaintiffs have amended their complaint to name three police officers as defendants, namely, Police Officer Kevin Doyle, Sgt. Luis Torres and former Police Officer Michael Krantz. Upon information and belief, only Kevin Doyle has been served with process and his answer is due on April 16, 2008.

that he has discarded his memobooks since leaving the force and therefore no memobook entries will be forthcoming from him. The City requests that it be given until April 11, 2008 to produce or otherwise account for the remaing memobooks.

2) Prisoner Movement Slip. The City has been unable to locate this document. It is still searching for it and respectfully requests that it be given until April 11, 2008 to produce it or otherwise account for it.

3) Internal Affairs Bureau Files ("IAB"). Upon information and belief, the City has determined that there are no IAB files which relate to substantiated or unsubstantiated charges that are similar to those alleged by plaintiffs herein (i.e., false arrest, abuse of authority, excessive force), or to charges related to dishonesty. The City, however, cannot definitively aver that this is the case until it reviews certain files on completed investigations, which have yet to be located by the IAB. The City respectfully requests that it be permitted until April 11, 2006 to resolve this issue.

4) CCRB File Nos. 200503213 and 200509583. The City has determined that these two cases concern complaints made against PO Kevin Doyle that may be similar to the complaints made by plaintiffs herein. The complaints do not involve allegations of false arrest or excessive force, but do allege abuse of authority, which may be construed as related to the claims of plaintiffs. The City respectfully requests that the Court conduct an in camera review of the summary report to determine if they should be released to the plaintiffs.

The City has provided all other documents in its possession that it was ordered to produce at the hearing with the exception of the CCRB police officer photo array and Officer Krantz's termination records. The City has filed an objection to the production of these latter documents pursuant R. Civ. P. 72(a) and is awaiting a ruling.

I thank the Court for its consideration to this request.

Respectfully submitted,

Steve Stavridis
Special Federal Litigation Division

cc: Matthew Flamm, Esq. (By Fax: 718-797-3117)
    Attorney for Plaintiffs