UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MELISSA MEDRANO and JOSE MEDRANO,

                              Plaintiffs,

                    -against-

THE CITY OF NEW YORK, KEVIN DOYLE, N. KRANTZ, the first name being unknown, LUIS TORRES, and JOHN DOE 1-6, the names being fictitious and presently unknown, being employees of the New York City Police Department,

                              Defendants.
------------------------------------------------------------------------x

**ANSWER TO FIRST AMENDED COMPLAINT**

**07CV7026 (JGK)(MHD)**

**<u>JURY TRIAL DEMANDED</u>**

**This document has been electronically filed.**

        Defendants THE CITY OF NEW YORK (the "City"), KEVIN DOYLE, N. KRANTZ,[1] and LUIS TORRES, (collectively "defendants") by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the first amended complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiffs purport to bring this action as stated therein.

        2.      Deny the allegations set forth in paragraph 2 of the complaint, except admit that that plaintiffs purport to base jurisdiction as stated therein.

        3.      Deny the allegations set forth in paragraph 3 of the complaint, except admit that plaintiffs purport to base venue as stated therein.

        4.      Deny the allegations set forth in paragraph 4 of the complaint, except admit that a document purporting to be a Notice of Claim by a Melissa Medrano was received on

---

[1] The correct name of this defendant is Michael Krantz.

November 29, 2006, and that a document purporting to be a Notice of Claim by a Jose Medrano was received on December 1, 2006.

5. Deny the allegations set forth in paragraph 5 of the complaint, except admit that the purported Notice of Claims were in writing and purport to have been sworn to by a Melissa Medrano and a Jose Medrano.

6. Deny the allegations set forth in paragraph 6 of the complaint, except admit that the purported Notice of Claims purport to contain the names and post office address of plaintiffs, the nature of the claims and the alleged damage and injuries claimed to have been sustained.

7. Deny the allegations set forth in paragraph 7 of the complaint, except admit that no monies have been paid to plaintiffs.

8. Deny the allegations set forth in paragraph 8 of the complaint, except admit that this action was commenced on the date indicated in the records of the clerk of the court.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint.

11. Deny the allegations set forth in paragraph 11 of the complaint, except admit that the City is a municipal corporation organized pursuant to the laws of the State of New York and that it maintains the New York City Police Department ("NYPD"), and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning

its employment of police personnel involved in the alleged incident to the extent that they relate to individuals that are not named or identified with specificity.

12. Deny the allegations set forth in paragraph 12 of the complaint, except admit that defendant Kevin Doyle was and still is employed by the City as a police officer for the NYPD and is assigned to the 52nd Police Precinct in the Bronx, New York.

13. Deny the allegations set forth in paragraph 13 of the complaint, except admit that defendant Krantz was employed by the City as a police officer for the NYPD and was assigned to the 52nd Police Precinct in the Bronx, New York.

14. Deny the allegations set forth in paragraph 14 of the complaint, except admit that defendant Luis Torres was and still is employed by the City as a police officer for the NYPD and is assigned to the 52nd Police Precinct in the Bronx, New York.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint inasmuch as it relates to individuals that are not named or identified.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint inasmuch as it relates to individuals that are not named or identified

17. The allegations set forth in paragraph 17 of the complaint consist of conclusions of law rather than averments of fact and therefore no response is required.

18. The allegations set forth in paragraph 18 of the complaint consist of conclusions of law as opposed to averments of fact and therefore no response is required.

19. Deny the allegations set forth in paragraph 19 of the complaint.

20. Deny the allegations set forth in paragraph 20 of the complaint.

21. Deny the allegations set forth in paragraph 21 of the complaint.

22. Deny the allegations set forth in paragraph 22 of the complaint.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. Deny the allegations set forth in paragraph 25 of the complaint.

26. Admit the allegations set forth in paragraph 26 of the complaint.

27. Deny the allegations set forth in paragraph 27 of the complaint, except admit that plaintiffs were transported to Bronx Central Booking and that the prosecutor declined to prosecute.

28. Deny the allegations set forth in paragraph 28 of the complaint.

29. Deny the allegations set forth in paragraph 29 of the complaint.

30. Deny the allegations set forth in paragraph 30 of the complaint.

31. Deny the allegations set forth in paragraph 31 of the complaint.

32. In response to the allegations set forth in paragraph 32 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 31 inclusive of their answer, as if fully set forth herein.

33. Deny the allegations set forth in paragraph 33 of the complaint.

34. Deny the allegations set forth in paragraph 34 of the complaint.

35. In response to the allegations set forth in paragraph 35 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 34 inclusive of their answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph 36 of the complaint.

37. Deny the allegations set forth in paragraph 37 of the complaint.

38. In response to the allegations set forth in paragraph 38 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 37 inclusive of their answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph 39 of the complaint.

40. Deny the allegations set forth in paragraph 40 of the complaint.

41. In response to the allegations set forth in paragraph 41 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 40 inclusive of their answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph 42 of the complaint.

43. Deny the allegations set forth in paragraph 43 of the complaint.

44. In response to the allegations set forth in paragraph 44 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 43 inclusive of their answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph 45 of the complaint.

46. Deny the allegations set forth in paragraph 46 of the complaint.

47. In response to the allegations set forth in paragraph 47 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 46 inclusive of their answer, as if fully set forth herein.

48. Deny the allegations set forth in paragraph 48 of the complaint.

49. Deny the allegations set forth in paragraph 49 of the complaint.

50. In response to the allegations set forth in paragraph 50 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 49 inclusive of their answer, as if fully set forth herein.

51. Deny the allegations set forth in paragraph 51 of the complaint..

52. Deny the allegations set forth in paragraph 52 of the complaint.

53. Deny the allegations set forth in paragraph 53 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54. The complaint fails in whole or in part to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56. Any injury allegedly sustained by plaintiffs resulted from their own culpable or negligent conduct, or that of others, and was not the proximate result of any act of the City or its officers.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57. Plaintiffs have failed to comply with § 50 *et seq*. of the Municipal Law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58. There was probable cause for plaintiffs' arrest, detention and prosecution.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

59. Punitive damages are not available against the City of New York.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

60. This action is barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

61. To the extent the complaint allege any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

62. This action is barred in whole or in part by the applicable limitations period.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

63. The individual defendants are entitled to qualified immunity.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
　　　　April 16, 2008

　　　　　　　　　　　　　　　　　　　　MICHAEL A. CARDOZO
　　　　　　　　　　　　　　　　　　　　Corporation Counsel of the
　　　　　　　　　　　　　　　　　　　　City of New York
　　　　　　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　　　　　100 Church Street, Room 3-159
　　　　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　　　　(212) 788-8698

　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　　Steve Stavridis

(By ECF)

TO:　Matthew Flamm, Esq.
　　　26 Court Street, Suite 600
　　　225 Broadway, Suite 1608
　　　Brooklyn, New York  11242
　　　(718) 797-3117
　　　matthewflamm@msn.com